IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD COLEMAN, | * | |
| Petitioner, | * | Civ. Action No. RDB-20-0564 |
| v. | * | Crim. Action No. RDB-14-0275 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On September 25, 2014, *pro se* Petitioner Richard Coleman ("Coleman" or "Petitioner") pled guilty to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). (Re-arraignment, ECF No. 34.) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Coleman and the Government entered into a Plea Agreement in which they agreed that a sentence of 168 months (14 years) of imprisonment was the appropriate disposition of the case. (Plea Agreement ¶ 9, ECF No. 35.) Consistent with that agreement, on November 18, 2014, this Court sentenced Coleman to 168 months (14 years) of imprisonment with credit for time served in federal custody since December 7, 2013, followed by a 3-year term of supervised release. (Judgment, ECF No. 43.) The sentence was based in part on this Court's finding that Coleman was a career offender pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1.

Now pending are Coleman's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 67) and Motion for Summary Judgment (ECF No. 77). The Government has filed a response in opposition. (ECF No. 78.) This Court granted

Coleman time to provide any additional information regarding any tolling of the statute of limitations. (ECF No. 79.) There has been no timely response. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 67) and Motion for Summary Judgment (ECF No. 77) are DENIED.

## BACKGROUND

In his Plea Agreement, Coleman stipulated that the Government could prove the following facts beyond a reasonable doubt at trial. (ECF No. 35 at 9-10.) On December 7, 2013, Coleman and his co-conspirator, Arnold Dorsey, entered a Rent-A-Center in Baltimore City. (*Id.* at 9.) Inside, the conspirators threatened store staff with semi-automatic handguns and demanded access to a cash register, from which they stole over $1,000.00 in US currency. (*Id.*) After ordering the store clerks to the floor and robbing them, Coleman and Dorsey began to flee. (*Id.*) As they attempted to leave the store, police officers subdued them and recovered the stolen cash. (*Id.*)

On June 5, 2014, the grand jury returned a five-count Indictment which charged Coleman in four Counts: conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count One); Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count Two); and using, carrying, and brandishing firearms during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three); and possessing a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). (Indictment, ECF No. 1.) On September 25, 2014, Coleman pled guilty to Count One of the Indictment (the conspiracy charge) in accordance with the

terms of a Plea Agreement.  (ECF No. 35.)  Under the Plea Agreement, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulated that a sentence of 168 months (14 years) of imprisonment was an appropriate disposition.  (ECF No. 35 ¶ 9.)  The parties further stipulated that Coleman was a career offender pursuant to U.S.S.G. § 4B1.1(a). (*Id.* ¶ 6(a).)

This Court conducted a Sentencing Hearing on November 18, 2014.  (ECF No. 43.) As anticipated, the Court found that Coleman was a career offender under U.S.S.G. § 4B1.1. (Statement of Reasons, ECF No. 44 *SEALED*.)  After adjusting for acceptance of responsibility, Coleman faced an offense level of 29 and a criminal history category of VI, yielding an advisory Guidelines range of 151 to 188 months of imprisonment.  (ECF No. 44 *SEALED*.)  Consistent with that Guidelines calculation and the parties' agreed-upon sentence, this Court sentenced Coleman to 168 months (14 years) of imprisonment with credit for time served in federal custody since December 7, 2013, followed by a 3-year term of supervised release.  (Judgment, ECF No. 43.)

Coleman has since filed several motions which seek a reduction in sentence.  On May 20, 2016, Coleman, through the Office of the Federal Public Defender, filed a Motion to Correct Sentence under 28 U.S.C. § 2255 based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1]  (ECF No. 56.)  On April 24, 2017, this Court granted Coleman's motion to dismiss that motion.  (ECF Nos. 59, 61.)  Several years later, on March 2, 2020, Coleman filed the pending *pro se* Motion to Vacate, Set Aside, or Correct

---

[1] In *United States v. Johnson*, 135 S. Ct. 2551 (2015), the Supreme Court struck down the Armed Career Criminal Act ("ACCA") residual clause (18 U.S.C. §924(e)(2)(B)(ii)) as unconstitutionally vague.

3

Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 67.) On July 24, 2020, Coleman filed handwritten correspondence seeking Summary Judgment based on the Government's purported failure to submit a response within the Scheduling Order set by this Court. (ECF No. 77.) The Government submitted a response three days later, on July 27, 2020, noting that Coleman's § 2255 petition was untimely. (ECF No. 78.) On July 28, 2020, this Court issued an Order notifying Coleman that he had 28 days (until August 25, 2020) to provide further information indicating why his Motion was timely, and warning him that the failure to do so would result in the dismissal of his Motion. (ECF No. 79.) That date has passed without any further submissions from Coleman.

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468 (1962) (citing 28 U.S.C. § 2255). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or

resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## ANALYSIS

**I.  Motion for Summary Judgment.**

Coleman seeks Summary Judgment based on the Government's purported failure to file a timely response to his Motion to Vacate, Set Aside, or Correct Sentence.  (ECF No. 77.)  On March 3, 2020, this Court issued an Order directing the Government to respond to the Petitioner's Motion within sixty days.   (ECF No. 68.)   Accordingly, the Government's response was due on May 2, 2020.  Before that date elapsed, however, Standing Order 2020-7 of this Court, issued in response to the COVID-19 pandemic, extended the deadline by eighty-four days.  Pursuant to that Order, the Government's response deadline was extended to July 27, 2020.  The Government's response was filed on precisely that day, and was therefore timely.  Accordingly, Coleman's Motion for Summary Judgment (ECF No. 77) is DENIED.

**II.  Motion to Vacate, Set Aside, or Correct Sentence.**

Coleman moves for a sentencing modification based on his contention that he was improperly classified as a career offender under the United States Sentencing Guidelines. (ECF No. 67-1.)  The "career offender" designation is only imposed when, *inter alia*, "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).  In his Motion, Coleman argues that he was wrongfully designated as a career offender because the instant offense of conviction, conspiracy to commit Hobbs Act robbery, is not a crime of violence.  To support his

argument, Coleman cites *United States v. Davis*, 139 S. Ct. 2319 (2019). (ECF No. 67 at 4.) In *Davis*, the Supreme Court held that the "residual clause" definition of the term "crime of violence" appearing in 18 U.S.C. § 924(c), a criminal statute which provides enhanced penalties for using a firearm during a "crime of violence," was unconstitutionally vague. *See* 18 U.S.C. § 924(c)(3)(B).

Coleman's Motion is without merit both because it is untimely and because career offender designations are not subject to vagueness challenges. 28 U.S.C. § 2255(f) imposes a one-year statute of limitations for all petitions filed under § 2255. This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Coleman submitted his motion several years after his conviction became final. He argues that his motion is nevertheless timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in *Davis*. Coleman's motion is untimely because it is not invoking a right "newly recognized" by *Davis*. *See* 28 U.S.C. § 2255(f)(3). *Davis* concerned a constitutional vagueness challenge to the definition of "crime of violence"

6

appearing in 18 U.S.C. § 924(c)(3)(B); it did not address a career offender designation, which is the subject of Coleman's motion. Additionally, Coleman was not convicted of a § 924(c) offense. Accordingly, Coleman's Motion is untimely and may be DENIED on this basis alone.[2]

Even if Coleman's Motion were timely, however, his career offender designation is not subject to the Due Process vagueness challenge he advances. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017) (holding that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause," because the Guidelines "merely guide the exercise of a court's discretion within the statutory range"). Furthermore, Coleman had an extensive criminal record, including a series of robbery convictions. (Presentence Investigation Report, ECF No. 40 ¶¶ 41-48.) Even without a career offender designation, he would still have a criminal history category of VI. (*Id.* ¶¶ 53-54.) Accordingly, Coleman's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 67) is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 67) and Motion for Summary Judgment (ECF No. 77) are DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an

---

[2] Despite being given the opportunity to do so, Petitioner has not advanced any alternative arguments for timeliness, such as equitable tolling. Regardless, Petitioner would not be entitled to equitable tolling even had he asserted it, because he has not presented extraordinary circumstances beyond his control which prevented him from making a timely filing. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

appeal from the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

      A separate Order follows.

Dated: August 26, 2020

                                          ___/s/_____
                                          Richard D. Bennett
                                          United States District Judge